IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**T.B. and D.B., Individually and**
**as Parents and Next Friends of C.B.**                         **PLAINTIFFS**

v.                           NO. 4:20-cv-00104-BSM

**JOHNNY KEY,**
**In his official capacity as Commissioner of Education**
**And Secretary of the Arkansas Department of Education**   **DEFENDANT**

**PLAINTIFFS' TRIAL BRIEF AND**
**PROPOSED FINDINGS OF FACT AND**
**CONCLUSIONS OF LAW**

### Findings of Fact

1. C.B. is a child with a disability as defined by the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. §1401(3).

2. T.B. and D.B. are C.B.'s parents as defined by the IDEA. *See* 20 U.S.C. §1401(23).

3. Defendant Johnny Key is the Commissioner of Education and Secretary of the Arkansas Department of Education ("ADE").

4. ADE is the State Education Agency ("SEA") responsible for implementation of the IDEA in Arkansas, including the procedural safeguards described in 20 U.S.C. §1415, and ADE is ultimately responsible for ensuring that all children with a disability in Arkansas receive a FAPE. *See* 20 U.S.C. §§1401(32), 1407, 1412(a)(6)(A), 1412(a)(11)(A); 34 C.F.R. §§ 300.101 and

300.600(a); Ark. Code Ann. §§6-41-202(e); and, ADE Spec. Ed. Rules §2.71 ("The SEA in Arkansas is the Arkansas Department of Education.").

5. The "IDEA was an exercise of Congress' authority under the Spending Clause." *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 246 (2009).

6. In exchange for federal funding, the IDEA requires States to "provide[] assurances . . . that the State has in effect policies and procedures to ensure that the State meets each of the following conditions," including that "[c]hildren with disabilities and their parents are afforded the procedural protections required by Section 1415 of this title [20 U.S.C §1415]." 20 U.S.C. §1412(a)(6)(A).

7. Section 1415(f)(3)(A) requires due process hearing officers *not be* "a person having a personal or professional interest that conflicts with the person's objectivity in the hearing" and "shall, at a minimum, possess the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice." 20 U.S.C. §1415(f)(3)(A)(i)(II), (iv).

8. Therefore, the State of Arkansas, in exchange for federal funding, agreed to ensure that due process hearing officers are *not* biased against parents and can write decisions in accordance with standard legal practice.

9. Plaintiffs' Complaint (Doc. No. 1) alleged that an Arkansas IDEA due process hearing officer, Michael McCauley, was biased against parents and could not write decisions in accordance with standard legal practice, and thus, McCauley was not qualified to serve as an IDEA due process hearing officer. *See* 20 U.S.C. §1415(f)(3)(A)(i)(II), (iv). Plaintiffs sought mandatory injunctive relief compelling ADE to remove McCauley as an IDEA due process hearing officer.

10. After Plaintiffs filed their Complaint, McCauley resigned as an IDEA due process hearing officer. Even so, this case is not moot. *See* Doc. No. 54.

11. Based on information learned during discovery, Plaintiffs now seek mandatory injunctive relief compelling ADE to comply with the IDEA and ensure that IDEA due process hearing officers are unbiased and qualified. *See* Doc. No. 54.

12. Rick Porter is ADE's Administrator for Dispute Resolution and the person responsible for evaluating IDEA due process hearing officers. Porter is not a lawyer and testified he does not possess the knowledge or ability to evaluate whether an IDEA due process hearing officer can "render and write decisions in accordance with appropriate, standard legal practice." 20 U.S.C. §1415(f)(3)(A)(iv). *See* Doc. No. 54.

13. ADE's rules allow parents to file objections to due process hearing officers. It is the responsibility of ADE to rule on parents' objections. ADE Special Education Rule §10.01.25.1 provides:

> **It shall be the responsibility of the State education agency to ensure that the hearing officer assigned to a particular hearing is unbiased.** The public agency, the parent(s), or their respective counsel/representative may challenge the assignment of a particular hearing officer only on the basis of alleged bias. Such a challenge must be stated in writing and must be accompanied by written evidence to support the allegation that the hearing officer is biased and, therefore, is not impartial. In the event that the allegation of bias is substantiated, it shall be the responsibility of the State education agency to assign a different hearing officer to the case.

(emphasis supplied).

14. Thus, ADE is responsible for substantiating parents' objection and assigning this case to another hearing officer. *See* ADE Spec. Ed. Rules §2.70 (ADE is SEA). *See also* ADE Spec. Ed. Rule §10.01.23.2 (any party may object to hearing officer not less than five days prior to hearing).

15. At least three different parents filed objections to McCauley alleging he was biased against parents and could not "render and write decisions in accordance with appropriate, standard legal practice." 20 U.S.C. §1415(f)(3)(A)(iv).

16. Porter received these objections, but he knew he was not qualified to rule on the objections so he sent them to ADE Chief Legal Counsel, Courtney Salas-Ford. However, Ford testified she did not investigate parents' complaints

4

about McCauley. Porter said the only action he took was to send the objections to Salas-Ford. Thus, ADE took no action on parents' complaints. *See* Doc. No. 54.

17. While ADE ignored parents' complaints about McCauley, ADE acted quickly and decisively when a school district complained about another IDEA due process hearing officer, Dr. Robert Doyle. After 36 years as an IDEA due process hearing officer, ADE terminated Doyle after a single complaint by a school district.

18. ADE terminated Doyle by letter dated October 16, 2018. The reasons for termination included, "your decisions lack sufficient legal analysis and application of law," "rely too heavily on a recitation of the testimony presented at the hearing," and "do not contain thorough legal analysis that support the legal conclusion." Doc. No. 52-3.

19. Plaintiffs submit that ADE terminated Doyle because he sometimes ruled for parents; whereas, prior to parents filing objections, McCauley always ruled in favor of school districts or otherwise denied parents the relief sought.

20. ADE's website includes the final decisions and orders in IDEA due process hearings over which McCauley and Doyle presided.[1] The Court takes judicial notice of these public records. *See Levitt v. Merck & Co., Inc.*, 914 F.3d

---

[1] https://dese.ade.arkansas.gov/Offices/special-education/dispute-resolution/due-process-hearings

1169, 1175 (8th Cir. 2019) ("The district court properly took judicial notice of several peer-reviewed journal articles, media reports, and public court records, some of which were even cited in Levitt's complaint.").

21. All of McCauley's decisions suffer from the same defects that ADE concluded made Doyle unqualified to serve as an IDEA due process hearing officer.

22. All of McCauley's decisions are similar in form. First, McCauley describes the procedural background. Second, McCauley summarizes the transcript. Finally, without making necessary findings of fact[2] and after some boilerplate legalese, McCauley announces what one judge described as a "general verdict." *See* Doc. 52-2, p. 2. "His conclusions, however, contain no 'why' – no reasoning or explanation for the decisions reached." *Id*.

23. If Doyle was unqualified to serve as an IDEA due process hearing officer, then McCauley was also unqualified to serve as an IDEA due process hearing officer. The reasons ADE gave for terminating Doyle apply with even greater force to McCauley.

24. ADE's different treatment of Doyle, who sometimes ruled for parents, and McCauley, who always ruled for school districts, demonstrates ADE's bias in

---

[2] The IDEA grants parents "the right to written . . . findings of fact and decisions . . ." 20 U.S.C. §1415((h)(4). Accordingly, ADE's rules require "a written judgment containing [f]indings of fact . . . upon which the hearing officer based any portion of the decision." ADE Spec. Ed. Rules §10.01.39.2.A, 39.3.B.

favor of school districts and against parents. This bias is confirmed by ADE's failure to investigate parents' complaints against McCauley but quick, decisive action when a school district complained about Doyle.

25.  For the foregoing reasons, ADE failed to ensure that IDEA due process hearing officers are qualified in the past and cannot ensure that IDEA due process hearing officers will be qualified in the future.

26.  ADE has no legitimate interest in continuing to contract with an unqualified IDEA due process hearing officer. ADE will suffer no harm by granting Plaintiffs the relief requested.

27.  "The public interest lies in the enforcement of the IDEA, the maintenance of appropriate education services for special education students, and the protection of due process rights of special education students and their parents." *Vilonia Sch. Dist. v. M.S.*, No. 4:18-CV-00219-KGB, 2018 WL 8733058, at *6 (E.D. Ark. May 14, 2018) (quoting *West Platte R-11 Sch. Dist. v. Wilson ex rel. L.W.*, No. 04-6040-CV-SJ-ODS, 2004 WL 1895136, at *3 (W.D. Mo. July 20, 2004)).

## Conclusions of Law

1.  This Court has jurisdiction to grant the requested relief pursuant to 20 U.S.C. §1415(i)(2)(A) because Plaintiffs are a "party aggrieved by the findings and

decision" of an unqualified IDEA due process hearing officer, McCauley. *See* Doc. No. 54.

2. This Court also has jurisdiction to grant the requested relief pursuant to 42 U.S.C. §1983. *See Digre v. Roseville Sch. Indep. Dist. No. 623*, 841 F.2d 245, 250 (8th Cir. 1988).

3. Plaintiffs have standing to remove the threat of future injury due to an unqualified IDEA due process hearing officer. *See Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 718 (2007) (parents have standing despite no imminent injury because they may be denied admission in the future).

4. For the foregoing reasons, Key, in his official capacity as the Secretary of ADE, and all those acting in concert with him, including employees, agents, and successors in office, are hereby compelled to comply with the procedural protections of the IDEA, 20 U.S.C. §1415; to ensure that IDEA due process hearing officers meet the qualifications set forth in 20 U.S.C. §1415(f)(3)(A); and, to investigate parents' complaints against due process hearing officers in accordance with its own rules.

Respectfully submitted,

Theresa L. Caldwell
Arkansas Bar Number 91163
John "Clay" Fendley
Arkansas Bar Number 92182
Attorney for Plaintiffs
CALDWELL LAW OFFICE

14 Alban Lane
Little Rock, Arkansas 72223
Tel.: 501-414-0434
Email: tlcatty@gmail.com
Email: clay@specedattorney.com