IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOES, T.B. and D.B., individually and**  **PLAINTIFFS**
**as parents and next friends of C.B.**

v.                    CASE NO. 4:20-CV-00104-BSM

**JOHNNY KEY, In his Official Capacity**
**as Commissioner of Education and Secretary**
**of the Arkansas Department of Education**                    **DEFENDANT**

## ORDER

Johnny Key's motion for summary judgment [Doc. No. 47] is granted because plaintiffs cannot use 42 U.S.C. section 1983 ("section 1983") to raise claims based solely on alleged violations of the Individuals with Disabilities Education Act ("IDEA").

### I. BACKGROUND

Plaintiffs are suing Arkansas Department of Education Secretary Johnny Key under section 1983, alleging that the department of education failed to enforce certain procedural protections of the IDEA related to the qualifications of hearing officers. Plaintiffs brought claims against Key and the Bentonville School District, alleging that defendants violated the IDEA by denying their disabled child ("C.B.") a free and appropriate public education ("FAPE"). Plaintiffs also sued under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("section 504"), and section 1983.

The parties requested that I rule on the IDEA claim prior to them proceeding with discovery on the ADA, section 504, and section 1983 claims, because the resolution of the IDEA claim could have a preclusive effect on the remaining claims. *See* Doc. No. 19 at 2;

Doc. No. 24. After reviewing the record, the hearing officer's ruling against plaintiffs was affirmed, which resolved the IDEA claim. Doc. No. 33. I also ruled that plaintiffs' ADA and section 504 claims were precluded by resolution of the IDEA claim, but that they could proceed with their section 1983 claim against Key. *Id; see also* Doc. No. 35. Key now moves for summary judgment on the remaining section 1983 claim.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted on plaintiffs' section 1983 claim because it is based solely on the IDEA allegations. While plaintiffs' complaint asserts that Key denied their Fourteenth Amendment due process rights, it does not sufficiently articulate a constitutional

violation and the remaining allegations center on Key's failure to enforce the procedural protections of the IDEA. Pls.' Resp. to Def.'s Facts ¶ 16, Doc. No. 53; *see also* Compl. ¶¶ 31–48, Doc. No. 1-2. Key contends that a section 1983 claim based solely on alleged IDEA violations is barred as a matter of law because the IDEA creates a comprehensive remedial scheme. Def.'s Br. Supp. Mot. Summ. J. at 5–6, Doc. No. 49. Although the Eighth Circuit's position on this question is somewhat unclear, this district has determined that plaintiffs cannot use section 1983 to raise claims rooted solely in the failure of a defendant to comply with the IDEA. *Jackson v. Pine Bluff Sch. Dist.*, No. 4:16-cv-00301-JM-JTR, 2017 WL 2296896, at *9 (E.D. Ark. May 12, 2017), *report and recommendation adopted*, No. 4:16-cv-00301-JM-JTR, 2017 WL 2296956 (E.D. Ark. May 25, 2017).

Plaintiffs contend that circuit precedent allows them to bring a section 1983 claim based on IDEA violations because they are only seeking prospective injunctive relief. Pls.' Br. Supp. Resp. to Mot. Summ. J. at 3, Doc. No. 54 (arguing that *Heidemann v. Rother,* 84 F.3d 1021 (8th Cir. 1996), only prohibits plaintiffs from seeking damages). In *Jackson*, however, this district ruled that even claims for injunctive relief cannot be brought under section 1983 if they are based solely on IDEA violations. *Jackson*, 2017 WL 2296896, at *9. *Jackson* points out that most courts have barred section 1983 claims for IDEA violations because the IDEA provides its own comprehensive remedial scheme. *Id*. (citing *K.A. ex rel. F.A. v. Fulton Cnty. Sch. Dist.*, 741 F.3d 1195, 1210 & n.52 (11th Cir. 2013) (aligning with decisions from five other circuits)).

Summary judgment is appropriate because the IDEA creates a comprehensive remedial scheme, and it does not make sense to permit a section 1983 claim for prospective injunctive relief when a claim for damages would be barred. *See Heidemann*, 84 F.3d 1021 (barring section 1983 claim for damages based solely upon IDEA violations). Moreover, the purpose of the IDEA's procedural protections is to preserve the right to a FAPE, and that issue has already been resolved in Key's favor. *See Sellers by Sellers v. Sch. Bd. of City of Manassas, Va.*, 141 F.3d 524, 527 (4th Cir. 1998) ("The purpose of [the IDEA's] procedural mechanisms is to preserve the right to a free appropriate public education"). Even if plaintiffs' section 1983 claim were not barred as a matter of law, I have already determined that C.B. was provided a FAPE, so there is nothing left to try.

To the extent that I previously ruled that plaintiffs' section 1983 claim was not precluded by resolution of their IDEA claim, that ruling is reversed because it is apparent that the section 1983 claim is based only on the denial of rights conferred by the IDEA rather than rights grounded in the Constitution or other federal laws. *See K.A.*, 741 F.3d at 1210.

## IV. CONCLUSION

For the foregoing reasons, Johnny Key's motion for summary judgment [Doc. No. 47] is granted and this case is dismissed with prejudice.

IT IS SO ORDERED this 4th day of January, 2023.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE